UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL LLAMAS, and all others similarly situated under 29 U.S.C. § 216(b), Plaintiff, | § § § § § | |
| v. | § § | Cause No. |
| TX CONCIERGE, INC. a/k/a TXC BOOKKEEPING SERVICES, DALLAS VALET SERVICE, INC. a/k/a FORT WORTH VALET a/k/a MCKINNEY VALET a/k/a SOUTHLAKE VALET a/k/a DVS a/k/a VALET DALLAS a/k/a DALLAS VALET a/k/a DFW VALET, BMW OF DALLAS, ABDALLAH DEMACHKIE a/k/a DANNY DEMACHKIE, and AHMAD DEMACHKIE Defendants. | § § § § § § § § § § § § § § § | |

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS, BREACH OF CONTRACT, AND NEGLIGENCE**

Plaintiff, MIGUEL ANGEL LLAMAS, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants TX CONCIERGE, INC. a/k/a TXC BOOKKEEPING SERVICES, DALLAS VALET SERVICE, INC. a/k/a FORT WORTH VALET a/k/a MCKINNEY VALET a/k/a SOUTHLAKE VALET a/k/a DVS a/k/a VALET DALLAS a/k/a DALLAS VALET a/k/a DFW VALET, BMW OF DALLAS, ABDALLAH DEMACHKIE a/k/a DANNY DEMACHKIE, and AHMAD DEMACHKIE and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dallas County, Texas at the time that this dispute arose.

3. The Defendant TX CONCIERGE, INC. a/k/a TXC BOOKKEEPING SERVICES is a corporation that regularly transacts business within Dallas County. Upon information and belief, TX CONCIERGE, INC. a/k/a TXC BOOKKEEPING SERVICES was one of the joint FLSA employers for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant ABDALLAH DEMACHKIE a/k/a DANNY DEMACHKIE is a corporate officer and/or owner and/or manager of TX CONCIERGE, INC. a/k/a TXC BOOKKEEPING SERVICES who ran the day-to-day operations of TX CONCIERGE, INC. a/k/a TXC BOOKKEEPING SERVICES for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore also Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. The Defendant DALLAS VALET SERVICE, INC. a/k/a FORT WORTH VALET a/k/a MCKINNEY VALET a/k/a SOUTHLAKE VALET a/k/a DVS a/k/a VALET DALLAS a/k/a DALLAS VALET a/k/a DFW VALET (hereinafter, "DALLAS VALET SERVICE, INC.") is a corporation that regularly transacts business within Dallas County. Upon information and belief, DALLAS VALET SERVICE, INC. was one of Plaintiff's joint FLSA employers during the relevant time period.

6. The individual Defendant AHMAD DEMACHKIE is a corporate officer and/or owner and/or manager of DALLAS VALET SERVICE, INC. who ran the day-to-day operations of DALLAS VALET SERVICE, INC. for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore also Plaintiff's employer as defined by 29 U.S.C. § 203(d).

7. The Defendant BMW OF DALLAS[1] is a company that regularly transacts business within Dallas County. Upon information and belief, BMW OF DALLAS was one of Plaintiff's joint FLSA employers during the relevant time period.

8. Acts or omissions giving rise to this dispute took place in the Northern District of Texas.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

9. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(B). It is believed that the Defendants have employed other similarly situated employees like the Plaintiff, including valets or other concierge service employees who were not paid overtime at a rate of one-and-one-half times their regular hourly rate, who have not been paid minimum wages or overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back at least three years.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (Section 216 for jurisdictional placement).

11. 29 U.S.C. § 207(a)(1) states, in pertinent part, "… if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

12. Plaintiff, MIGUEL ANGEL LLAMAS, worked for Defendants as a valet service or concierge employee as well as performing some vehicle maintenance duties from on or about October 26, 2012 through on or about January 20, 2017. Plaintiff's physical work location for the majority of this time period was at BMW OF DALLAS's service department where

---

1) TX CONCIERGE, INC. a/k/a TXC BOOKKEEPING SERVICES, DALLAS VALET SERVICE, INC., and BMW OF DALLAS will be referred to collectively as the "Defendant Companies."

he performed valet or concierge duties as well as performing some vehicle maintenance duties in the service department. Plaintiff received payments by check from TX CONCIERGE, INC. a/k/a TXC BOOKKEEPING SERVICES and cash payments from DALLAS VALET SERVICE, INC. for his work.

13. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

14. Upon information and belief, the Defendant Companies, individually and/or collectively as part of the joint enterprise described in paragraph 17 below, had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, 2014, 2015, and 2016.

15. Upon information and belief, the Defendant Companies' sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 17 below, is expected to exceed $500,000 for the year 2017.

16. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus also making Defendants' business an enterprise covered under the Fair Labor Standards Act. By way of example, Defendants'

employees, including Plaintiff, regularly handled automotive parts, fluids, and tools as well as motor vehicles that Plaintiff believes further discovery will show were manufactured outside the state of Texas.

17. Upon information and belief, Defendants, TX CONCIERGE, INC. a/k/a TXC BOOKKEEPING SERVICES, DALLAS VALET SERVICE, INC., and BMW OF DALLAS constitute a joint enterprise as defined by 29 U.S.C. § 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose. TX CONCIERGE, INC. a/k/a TXC BOOKKEEPING SERVICES and DALLAS VALET SERVICE, INC. together provide valet and concierge services, including personnel, to various other businesses in the Dallas-Fort Worth metroplex and BMW OF DALLAS is one of those businesses. Plaintiff provided services for BMW OF DALLAS under the supervision of BMW OF DALLAS employees while being paid by TX CONCIERGE, INC. a/k/a TXC BOOKKEEPING SERVICES and DALLAS VALET SERVICE, INC. for those services.

18. From on or about October 26, 2012 through on or about December 12, 2015, Plaintiff, MIGUEL ANGEL LLAMAS, worked an average of 74 hours per week and was paid a straight time rate ranging from $9.00 per hour to $11.00 per hour for the first forty hours in a week, but was not paid an hourly wage for hours worked above 40 in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims his unpaid overtime wages for hours worked above 40 in a week as allowed by applicable law.

19. From on or about December 12, 2015 through on or about January 20, 2017, Plaintiff's hourly rate as set by Defendants was $12.00 per hour. However, Plaintiff, MIGUEL ANGEL LLAMAS, worked an average of 74 hours per week and was actually paid a straight time rate

ranging from $10.00 per hour to $12.00 per hour for the first forty hours in a week. When Plaintiff worked over 40 hours in a week, Defendants lowered the straight time rate reflected on Plaintiff's paychecks and thereby also lowered Plaintiff's overtime pay rate. While Plaintiff was paid an hourly wage for hours worked above 40 in a week during this time period, Defendants intentionally manipulated the hourly rates reflected on Plaintiff's pay checks to avoid paying overtime as required by the Fair Labor Standards Act. Plaintiff therefore claims his unpaid overtime wages for hours worked above 40 in a week as allowed by applicable law.

20. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. CLAIM FOR BREACH OF CONTRACT

Comes Now Plaintiff, by and through counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-20 above and further states:

21. This Court has jurisdiction for Plaintiff's breach of contract claim under the Court's Supplemental Jurisdiction. 28 U.S.C. § 1367.

22. The Parties entered into an agreement for Plaintiff to be paid a straight-time rate of $12.00 per hour for work performed by Plaintiff from on or about December 12, 2015 through on or about January 20, 2017.

23. Rather than paying Plaintiff at $12.00 per hour for straight time and $18.00 per hour for overtime hours as required by the FLSA, Defendants intentionally manipulated Plaintiff's straight-time hourly rates to lower rates ranging from $10.00 to $12.00 per hour to avoid paying the amounts due and owing to Plaintiff under the agreement between the Parties and the FLSA.

24. Defendants breached the contract with Plaintiff by failing to pay him the agreed-upon sum of $12.00 per hour for each straight time hour worked and the $18.00 per hour required by the FLSA for each hour worked over 40 hours in a work-week during the period on or about December 12, 2015 through on or about January 20, 2017.

25. By failing to pay Plaintiff his wages at the proper rates, the Defendants have breached the contract entered into between Defendants and Plaintiff. Defendants remain owing Plaintiff these wages for the period from on or about December 12, 2015 through on or about January 20, 2017.

26. As a result of Defendants breach of contract, the Plaintiff has been damaged economically.

Wherefore, Plaintiff requests judgment against the Defendants for the difference between what he was paid and what Plaintiff should have been paid, attorney's fees, costs, and all other damages recoverable by law. *The Plaintiff requests a trial by jury*.

## COUNT III: NEGLIGENCE

Comes Now Plaintiff, by and through counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-26 above and further states:

27. This Court has jurisdiction for Plaintiff's negligence claim under the Court's Supplemental Jurisdiction. 28 U.S.C. § 1367.

28. Tex. Labor Code Ann. § 411.103 makes it the duty of employers to provide a safe workplace.

29. Upon information and belief, Defendants did not maintain worker's compensation insurance, and Plaintiff alleges the following.

30. Tex. Labor Code Ann. § 406.001(a) states that "[e]xcept for public employers and as otherwise provided by law, an employer may elect to obtain workers' compensation insurance coverage." However, Tex. Labor Code Ann. § 406.033(a) states "[i]n an action against an employer by or on behalf of an employee who is not covered by workers' compensation insurance obtained in the manner authorized by Section 406.003 to recover damages for personal injuries or death sustained by an employee in the course and scope of the employment, it is not a defense that : (1) the employee was guilty of contributory negligence; (2) the employee assumed the risk of injury or death; or (3) the injury or death was caused by the negligence of a fellow employee." Furthermore, Tex. Labor Code Ann. § 406.033(b) states that "This section does not reinstate or otherwise affect the availability of

defenses at common law including the defenses described by Subsection (a)." Tex. Labor Code Ann. § 406.033(b).

31. On or about August 19, 2016, Plaintiff MIGUEL ANGEL LLAMAS was engaged in work in the maintenance department of BMW OF DALLAS in the scope of his employment with Defendants. While performing this work Plaintiff fell and injured his right shoulder. Plaintiff informed his supervisor of his injury and was instructed to go to the hospital for treatment.

32. As a result of these injuries, Plaintiff missed time at work, incurred medical bills, suffered pain, disability, and mental anguish, and has diminished work capacity. Plaintiff has made demand on one or more of the Defendants for payment of his medical bills, and to date no payments have been made.

33. As a result of Defendants' failure to maintain a safe working environment and failure to maintain the premises, Plaintiff was injured and has been damaged.

Wherefore, Plaintiff requests judgment against the Defendants, jointly and severally, including attorney's fees, costs, pain, disability, suffering, mental anguish, past and future medical bills, and diminished work capacity, as well as all other damages recoverable by law under Tex. Labor Code Ann. § 406 and the Texas Civil Practice & Remedies Code. *The Plaintiff requests a trial by jury*.

Respectfully submitted,

By: s/ Robert Manteuffel
    J.H. Zidell, Esq.
    Texas Bar No.: 24071840
    Email: zabogado@aol.com
    Robert L. Manteuffel
    State Bar No. 12957529
    Email: rlmanteuffel@sbcglobal.net
    Joshua A. Petersen
    Texas Bar No. 24085524
    Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   (972) 233-2264
Fax:   (972) 386-7610